IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSTON, ET AL., | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-13-1930 |
| D. MINK, ET AL., | : (Judge Brann) |
| Defendants | : |

**MEMORANDUM**

February 19, 2015

**Background**

Eric Houston and Edward McDonald initiated this pro se this civil rights action regarding their confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).  By Memorandum and Order dated January 21, 2015, a second complaint filed by Houston and McDonald, Houston, et al. v. Arnold, et al., Civil No. 4:CV-13-2024 was consolidated into this matter pursuant to Federal Rule of Civil Procedure 42(a).

As a result of Plaintiff McDonald's failure to pay the required filing fee or file a proper in forma pauperis applications and forms in either action his claims were previously dismissed without prejudice.  The Consolidated Complaints name various USP-Lewisburg officials as defendants and raised similar vague contentions of being subjected to racially motivated mistreatment, including mail interference, verbal threats, food tampering, and excessive force, while housed in the prison's Special

Management Unit (SMU). However, no dates, specific incidents or conduct were referenced.

Since the exact nature of Plaintiff's claims against the respective Defendants was unknown, the January 21, 2015 Memorandum and Order directed Remaining Plaintiff Houston to file a single amended complaint of no more then twenty-five (25) pages in length, which clearly stated each claim he wished to pursue in a separate legible paragraph; identifying which defendant[s] was involved in which conduct, and specifying the relief he is seeking. The Plaintiff was forewarned that failure to timely submit a proper amended complaint or otherwise respond to this Order within twenty-one (21) days would result in dismissal of his action for failure to prosecute.

**Discussion**

Since entry of the January 21, 2015 Memorandum and Order, Remaining Plaintiff Houston has not submitted a proposed Amended Complaint. The form complaint which was mailed to Houston has not been returned and he has not requested additional time in which to file an amended complaint. Houston has also not offered any explanation for his failure to do so and he has not sought reconsideration of the January 21, 2015 Order. Moreover, a review of the dockets from both of the consolidated matters shows that the Remaining Plaintiff has not made any filings whatsoever in either matter.

If a plaintiff fails to prosecute or comply with a court order, the court may

dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).  In a similar case, the United StatesCourt of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint.  See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[1] It is initially noted that even under the most generous treatment given to Plaintiff's Consolidated Complaints, those submissions simply failed to provide fair notice as to the nature of Remaining Plaintiff Houston's claims as required under Rule 8. Thus, the Consolidated Complaints could not be allowed to proceed. Furthermore, although Houston has been granted an abundance of time and supplied with a form civil rights complaint he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis. An appropriate Order will enter.

>BY THE COURT:
>
>   s/ Matthew W. Brann
>Matthew W. Brann
>United States District Judge

---

[1] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).